UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO. 8:08-cr-288-T-23MAP

RICHARD L. RANKIN
_____/

**ORDER**

On August 28, 2008, the defendant pleaded guilty to count one of the indictment charging him with conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. The defendant serves a 135-month sentence imposed on November 13, 2008. (Doc. 106)

The defendant moves *pro se* (Doc. 130) for "Modification/Reduction of Sentence Pursuant to the Fast Track Directive and 18 U.S.C. § 3582(c)(2) (Effective March 1, 2012)". The Middle District of Florida's "Fast Track Program," effective March 1, 2012, benefits eligible defendants who are charged under 8 U.S.C. § 1326 with illegal re-entry into the United States after having been previously removed from the United States. The Office of Defender Services of the Administrative Office of the U.S. Courts provides this information regarding the Middle District of Florida's "Fast Track Program":

In order to qualify for a downward departure under the "Fast Track Program," a defendant charged with a violation of 8 U.S.C. § 1326 must:

1. Absent exceptional circumstances (such as the denial of adequate assistance of counsel or a substantial delay in necessary administrative procedures or unresolved competency issues) agree within 30 days from the defendant's initial appearance on the illegal reentry charge to enter a written plea agreement with the government. In order to facilitate a defendant's expeditious determination whether to plead guilty, AUSAs should provide adequate discovery as soon as practicable.

2. Enter into a written plea agreement with the government that includes the following terms:

   a. The defendant agrees to a factual basis that accurately and completely reflects his or her offense conduct and stipulates to the facts related to the prior conviction(s) and removal;

   b. The defendant agrees not to file any motions described in Fed. R. Crim. P. 12(b)(3);

   c. The defendant agrees to waive the right to move for a downward departure or argue for a variance under 18 U.S.C. § 3553(a);

   d. The defendant agrees to waive the right to appeal and the opportunity to challenge under 28 U.S.C. § 2255 his or her conviction, except on the issue of ineffective assistance of counsel;

   e. The defendant agrees to waive the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the

> defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a); and
>
> f. The defendant agrees to not re-enter the United States unless the defendant obtains the express consent of the Secretary of the Department of Homeland Security to apply for readmission to the United States.

www.fd.org/docs/select-topics---sentencing/Fast-Track-Policies.pdf

Even if the "Fast Track Program" had been in effect the day the defendant was sentenced, the defendant is not convicted of a violation of 8 U.S.C. § 1326, and he does not meet the above-listed program's qualifications.

The defendant also argues for a sentence reduction because his "status as a deportable alien causes an increase in the severity of his confinement, since he is not eligible for the benefits of 18 U.S.C. § 3624." The argument is meritless. *United States v. Maung*, 320 F.3d 1305 (11th Cir. 2003); *United States v. Lahoud*, 178 Fed. Appx. 926 (11th Cir. 2006).

Accordingly, the motion for a modification or reduction of the sentence (Doc. 130) is **DENIED**.

ORDERED in Tampa, Florida, on November 30, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE