UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO. 8:08-cr-288-T-23MAP

MODESTO PADILLA-GONZALEZ
_____/

# **ORDER**

Arguing the "unconstitutionality of the Maritime Drug Law Enforcement Act" and citing *United States v. Bellaizac-Hurtado,* 700 F.3d 1245 (11th Cir. 2012), Padilla-Gonzalez moves (Doc. 136) to dismiss the indictment or for a hearing. Notwithstanding Padilla-Gonzalez's characterization of his motion as a "Motion to Dismiss," the motion is properly controlled by 28 U.S.C. § 2255.[*]

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion to vacate and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d

---

[*] Title 28 U.S.C. § 2255 is the exclusive remedy for challenging a conviction and sentence unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Lande v. Hanberry*, 601 F.2d 805 (5th Cir. 1979). A remedy under Section 2255 is not inadequate or ineffective merely because relief is barred by the applicable one-year limitation or because a motion under Section 2255 is successive. *See Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998). Further, "[t]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citations omitted).

557, 558 (5th Cir. 1980) (the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

Padilla-Gonzalez was convicted of violating the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §70503(a), *et. seq.*, which is based on the constitutional authority granted to Congress "[t]o define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations." U.S. Const., Art. I, § 8, cl. 10. *Hurtado*, 700 F.3d at 1248-49, explains the breadth of jurisdiction under the MDLEA.

> The Supreme Court has interpreted that Clause to contain three distinct grants of power: the power to define and punish piracies, the power to define and punish felonies committed on the high seas, and the power to define and punish offenses against the law of nations. *See United States v. Smith*, 18 U.S. (5 Wheat.) 153, 158–59, 5 L. Ed. 57 (1820). The first two grants of power are not implicated here: piracy is, by definition, robbery on the high seas, *United States v. Furlong*, 18 U.S. (5 Wheat.) 184, 198, 5 L. Ed. 64 (1820), and the Felonies Clause is textually limited to conduct on the high seas, *see* U.S. Const., Art. I, § 8, cl. 10. The United States relies instead on the third grant—the Offences Clause—as the source of congressional power to proscribe the defendants' drug trafficking in the territorial waters of Panama. The question whether Congress has the power under the Offences Clause to proscribe drug trafficking in the territorial waters of another nation is an issue of first impression in our Court.

*Hurtado* rejected the argument that the "Offences Clause" supports the MDLEA. "Because drug trafficking is not a violation of customary international law, we hold that Congress exceeded its power, under the Offences Clause, when it proscribed the defendants' conduct in the territorial waters of Panama." 700 F.3d at 1258. *Hurtado* is inapplicable to Padilla-Gonzalez because in his plea agreement (Doc. 55), Padilla-Gonzalez stipulates that, "On June 25, 2008, United States Coast Guard (USCG) Cutter Tahoma spotted a Honduran fishing vessel, the MISS DAYANNA, operating in International waters of the Caribbean Sea. The vessel was located at 15.38 degrees North latitude, by 078.49 degrees West longitude." Padilla-Gonzalez's reported location (15.38º N. latitude by 0.78.49º W. longitude) places the vessel near the middle of the Caribbean Sea between Jamaica and Colombia and unquestionably in international water. Because Padilla-Gonzalez was not within a country's territorial water, *Hurtado* is inapplicable.

Even if Padilla-Gonzalez's motion were sufficient, the motion is untimely. The Anti-Terrorism and Effective Death Penalty Act creates a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1). Because his conviction was final in 2008, Padilla-Gonzalez's limitation expired one year later, in 2009. Padilla-Gonzalez's motion was filed in February, 2013, which is more than

three years late.  Consequently, Padilla-Gonzalez's motion to vacate is time-barred under Section 2255(f)(1).

Padilla-Gonzalez's criminal prosecution is concluded and the motion (Doc. 136) to dismiss, construed as a motion under 28 U.S.C. § 2255, is **DISMISSED** as untimely.  The motion for a hearing is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on May 17, 2013.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE